# IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

American Electric Power Service Corporation, American Transmission Systems Incorporated, Dayton Power and Light Company, Duke Energy Business Services LLC, Duke Energy Kentucky, Inc., Duke Energy Ohio, Inc., Jersey Central Power & Light Company, Keystone Appalachian Transmission Company, Mid-Atlantic Interstate Transmission LLC, Monongahela Power Company, PPL Electric Utilities Corporation, The Potomac Edison Company, Trans-Allegheny Interstate Line Company, and Virginia Electric and Power Company d/b/a Dominion Energy Virginia,

No. 24-1361

   *Petitioners,*

   *v.*

Federal Energy Regulatory Commission,

   *Respondent.*

## NON-BINDING STATEMENT OF ISSUES

In accordance with this Court's procedural order dated November 26, 2024, Petitioners, as listed in the caption,[1] respectfully submit the

---

[1] Petitioners are Transmission Owners operating in the footprint of PJM Interconnection, L.L.C. (PJM).

following preliminary, non-binding statement of issues presented for

review:

1) Whether the Federal Energy Regulatory Commission (FERC) acted in an arbitrary and capricious manner when it determined that Petitioners are required to execute Designated Entity Agreements (DEAs) containing "appropriate terms and conditions" (*i.e.*, "partial" DEAs) even in situations where FERC found that comparability and other factors do not require security commitments.

2) Whether FERC's determination to require partial DEAs was an abuse of discretion and unsupported by substantial evidence in that it, among other things, failed to consider and account for the rights and obligations set forth in the Consolidated Transmission Owners Agreement (CTOA), as well as the substantial evidence provided by Petitioners and PJM regarding the costs and burdens of administering DEAs. *See, e.g.*, *Am. Mun. Power Inc. v. FERC*, 86 F.4th 922, 931 (D.C. Cir. 2023) (stating FERC must demonstrate that it has undertaken reasoned decisionmaking based on substantial evidence in the record).

3) Whether FERC's determination that Petitioners are required to execute DEAs for projects that are not selected for inclusion in PJM's Regional Transmission Expansion Planning (RTEP) process for purposes of regional cost allocation was arbitrary, capricious, and an abuse of discretion, given the lack of rationale provided for imposing any DEA requirements on Petitioners for such projects, which are already governed by Petitioners' contractual obligations to construct RTEP Projects under the CTOA. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 48 (1983) ("We have frequently reiterated that an agency must cogently explain why it has exercised its discretion in a given manner[.]").

4) Whether FERC acted in an arbitrary and capricious manner and in abuse of its discretion in interpreting the existing DEA requirements in the PJM Operating Agreement, including (1) failing to recognize and appropriately account for the fact that the term "Designated Entity" is used imprecisely and inconsistently throughout the PJM Operating Agreement and (2) relying on the false premise that PJM's FERC Order No. 1000 compliance filing deliberately exceeded the requirements of Order No. 1000 with respect to the scope of application of DEAs. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 43 (explaining that an agency must examine the relevant data before it and articulate a satisfactory explanation for its action).

Respectfully submitted,

/s/ David M. Gossett

John Longstreth
Donald A. Kaplan
K&L Gates LLP
1601 K Street, NW
Washington, DC 20006
(202) 778-9000
john.longstreth@klgates.com
don.kaplan@klgates.com


Steven M. Nadel
*Senior Counsel*
PPL Services Corporation
645 Hamilton Street
Suite 601
Allentown, PA 18101
(610) 774-4775
SMNadel@pplweb.com
*Attorneys for PPL Electric
Utilities Corporation*

David M. Gossett
Michael Kunselman
Richard P. Sparling
Davis Wright Tremaine LLP
1301 K Street, NW
Suite 500 East
Washington, DC 20005
(202) 973-4200
davidgossett@dwt.com
michaelkunselman@dwt.com
ricksparling@dwt.com


Morgan E. Parke
*Associate General Counsel*
Amanda Parker
*FERC Attorney*
FirstEnergy Service Company
76 South Main Street A-GO-15
Akron, OH 44308
(330) 384-4595
mparke@firstenergycorp.com
aparker@firstenergycorp.com


*Attorneys for the FirstEnergy
Transmission Companies*[2]

---

[2] Petitioners American Transmission Systems, Incorporated, Jersey Central Power & Light Company, Keystone Appalachian Transmission Company, Mid-Atlantic Interstate Transmission LLC, Monongahela Power Company, The Potomac Edison Company, and Trans-Allegheny Interstate Line Company are collectively the "FirstEnergy Transmission Companies."

Jessica Cano
*Assistant General Counsel-FERC*
American Electric Power Service
Corporation
1 Riverside Plaza
Columbus, OH 43215
(614) 716-2921
jacano@aep.com

*Attorney for American Electric
Power Service Corporation*

Molly Suda
*Associate General Counsel*
Duke Energy Corporation
1301 Pennsylvania Ave NW
Suite 200
Washington, DC 20004
(202) 824-8011
molly.suda@duke-energy.com
*Attorney for Duke Energy*[3]

William M. Rappolt
*Assistant General Counsel, FERC*
AES US Services, LLC
4300 Wilson Blvd
Arlington, VA 22203
(571) 533-9018
william.rappolt@aes.com

*Attorney for The Dayton Power
and Light Co. d/b/a AES Ohio*

Dated: December 26, 2024

Christopher R. Jones
Miles H. Kiger
Troutman Pepper Hamilton
Sanders LLP
401 9th Street, NW
Suite 1000
Washington, DC 20004
(202) 662-2181
Chris.Jones@troutman.com
Miles.Kiger@troutman.com

Cheri Yochelson
*Assistant General Counsel*
Dominion Energy Services, Inc.
120 Tredegar Street, RS-5
Richmond, VA 23219
(804) 819-2691
Cheri.M.Yochelson@dominion
energy.com

*Attorneys for Dominion Energy
Services, Inc. on behalf of Virginia
Electric and Power Company
d/b/a Dominion Energy Virginia*

---

[3] Petitioners Duke Energy Business Services LLC ("DEBS"), Duke
Energy Kentucky, Inc. ("DEK"), and Duke Energy Ohio, Inc. ("DEO")
are collectively "Duke Energy."

# CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2024, I caused a true and correct copy of the foregoing Statement of Issues to be served on all parties via the Court's CM/ECF system.

Respectfully submitted,

<u>/s/ David M. Gossett</u>
David M. Gossett
Davis Wright Tremaine LLP
1301 K Street, NW
Suite 500 East
Washington, DC 20005
(202) 973-4200
davidgossett@dwt.com

*Attorney for the FirstEnergy*
*Transmission Companies*