IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| American Electric Power Service Corporation, American Transmission Systems Incorporated, Dayton Power and Light Company, Duke Energy Business Services LLC, Duke Energy Kentucky, Inc., Duke Energy Ohio, Inc., Jersey Central Power & Light Company, Keystone Appalachian Transmission Company, Mid-Atlantic Interstate Transmission LLC, Monongahela Power Company, PPL Electric Utilities Corporation, The Potomac Edison Company, Trans-Allegheny Interstate Line Company, and Virginia Electric and Power Company d/b/a Dominion Energy Virginia,<br><br>*Petitioners*,<br><br>*v.*<br><br>Federal Energy Regulatory Commission,<br><br>*Respondent.* | No. 24-1361 |

**NON-BINDING STATEMENT OF ISSUES**

In accordance with this Court's procedural order dated November 26, 2024, Petitioners, as listed in the caption,[1] respectfully submit the

---

[1] Petitioners are Transmission Owners operating in the footprint of PJM Interconnection, L.L.C. (PJM).

following preliminary, non-binding statement of issues presented for review:

1) Whether the Federal Energy Regulatory Commission (FERC) acted in an arbitrary and capricious manner when it determined that Petitioners are required to execute Designated Entity Agreements (DEAs) containing "appropriate terms and conditions" (*i.e.*, "partial" DEAs) even in situations where FERC found that comparability and other factors do not require security commitments.

2) Whether FERC's determination to require partial DEAs was an abuse of discretion and unsupported by substantial evidence in that it, among other things, failed to consider and account for the rights and obligations set forth in the Consolidated Transmission Owners Agreement (CTOA), as well as the substantial evidence provided by Petitioners and PJM regarding the costs and burdens of administering DEAs. *See, e.g.*, *Am. Mun. Power Inc. v. FERC*, 86 F.4th 922, 931 (D.C. Cir. 2023) (stating FERC must demonstrate that it has undertaken reasoned decisionmaking based on substantial evidence in the record).

3) Whether FERC's determination that Petitioners are required to execute DEAs for projects that are not selected for inclusion in PJM's Regional Transmission Expansion Planning (RTEP) process for purposes of regional cost allocation was arbitrary, capricious, and an abuse of discretion, given the lack of rationale provided for imposing any DEA requirements on Petitioners for such projects, which are already governed by Petitioners' contractual obligations to construct RTEP Projects under the CTOA. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 48 (1983) ("We have frequently reiterated that an agency must cogently explain why it has exercised its discretion in a given manner[.]").

4) Whether FERC acted in an arbitrary and capricious manner and in abuse of its discretion in interpreting the existing DEA requirements in the PJM Operating Agreement, including (1) failing to recognize and appropriately account for the fact that the term "Designated Entity" is used imprecisely and inconsistently throughout the PJM Operating Agreement and (2) relying on the false premise that PJM's FERC Order No. 1000 compliance filing deliberately exceeded the requirements of Order No. 1000 with respect to the scope of application of DEAs. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 43 (explaining that an agency must examine the relevant data before it and articulate a satisfactory explanation for its action).

|  | Respectfully submitted, |
|---|---|
|  | /s/ David M. Gossett |
| John Longstreth | David M. Gossett |
| Donald A. Kaplan | Michael Kunselman |
| K&L Gates LLP | Richard P. Sparling |
| 1601 K Street, NW | Davis Wright Tremaine LLP |
| Washington, DC 20006 | 1301 K Street, NW |
| (202) 778-9000 | Suite 500 East |
| john.longstreth@klgates.com | Washington, DC 20005 |
| don.kaplan@klgates.com | (202) 973-4200 |
|  | davidgossett@dwt.com |
| Steven M. Nadel | michaelkunselman@dwt.com |
| *Senior Counsel* | ricksparling@dwt.com |
| PPL Services Corporation |  |
| 645 Hamilton Street | Morgan E. Parke |
| Suite 601 | *Associate General Counsel* |
| Allentown, PA 18101 | Amanda Parker |
| (610) 774-4775 | *FERC Attorney* |
| SMNadel@pplweb.com | FirstEnergy Service Company |
| *Attorneys for PPL Electric Utilities Corporation* | 76 South Main Street A-GO-15 |
|  | Akron, OH 44308 |
|  | (330) 384-4595 |
|  | mparke@firstenergycorp.com |
|  | aparker@firstenergycorp.com |
|  | *Attorneys for the FirstEnergy Transmission Companies*[2] |

---

[2] Petitioners American Transmission Systems, Incorporated, Jersey Central Power & Light Company, Keystone Appalachian Transmission Company, Mid-Atlantic Interstate Transmission LLC, Monongahela Power Company, The Potomac Edison Company, and Trans-Allegheny Interstate Line Company are collectively the "FirstEnergy Transmission Companies."

4

| | |
|---|---|
| Jessica Cano<br>*Assistant General Counsel-FERC*<br>American Electric Power Service Corporation<br>1 Riverside Plaza<br>Columbus, OH 43215<br>(614) 716-2921<br>jacano@aep.com<br><br>*Attorney for American Electric Power Service Corporation*<br><br>Molly Suda<br>*Associate General Counsel*<br>Duke Energy Corporation<br>1301 Pennsylvania Ave NW<br>Suite 200<br>Washington, DC 20004<br>(202) 824-8011<br>molly.suda@duke-energy.com<br>*Attorney for Duke Energy*[3]<br><br>William M. Rappolt<br>*Assistant General Counsel, FERC*<br>AES US Services, LLC<br>4300 Wilson Blvd<br>Arlington, VA 22203<br>(571) 533-9018<br>william.rappolt@aes.com<br><br>*Attorney for The Dayton Power and Light Co. d/b/a AES Ohio* | Christopher R. Jones<br>Miles H. Kiger<br>Troutman Pepper Hamilton Sanders LLP<br>401 9th Street, NW<br>Suite 1000<br>Washington, DC 20004<br>(202) 662-2181<br>Chris.Jones@troutman.com<br>Miles.Kiger@troutman.com<br><br>Cheri Yochelson<br>*Assistant General Counsel*<br>Dominion Energy Services, Inc.<br>120 Tredegar Street, RS-5<br>Richmond, VA 23219<br>(804) 819-2691<br>Cheri.M.Yochelson@dominionenergy.com<br><br>*Attorneys for Dominion Energy Services, Inc. on behalf of Virginia Electric and Power Company d/b/a Dominion Energy Virginia* |

Dated: December 26, 2024

---

[3] Petitioners Duke Energy Business Services LLC ("DEBS"), Duke Energy Kentucky, Inc. ("DEK"), and Duke Energy Ohio, Inc. ("DEO") are collectively "Duke Energy."

5

# CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2024, I caused a true and correct copy of the foregoing Statement of Issues to be served on all parties via the Court's CM/ECF system.

Respectfully submitted,

<u>/s/ David M. Gossett</u>
David M. Gossett
Davis Wright Tremaine LLP
1301 K Street, NW
Suite 500 East
Washington, DC 20005
(202) 973-4200
davidgossett@dwt.com

*Attorney for the FirstEnergy Transmission Companies*